UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDUARDO ALVARADO REYES (A-Number: 072-346-858),

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

No. 1:26-cv-05222-KES-HBK (HC)

**ORDER GRANTING HABEAS PETITION AND ORDERING IMMEDIATE RELEASE**

Doc. 1

Petitioner Eduardo Alvarado Reyes ("petitioner" or "Reyes") is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for expedited consideration. Docs. 1, 2. For the reasons discussed below, his petition is GRANTED.

## I. BACKGROUND

Reyes states that he is a citizen of Cuba. Doc. 1 at 2. He asserts that he entered the United States in 1993 and became a lawful permanent resident in 1996. *Id.* at 3. In 2002, Reyes was convicted in the Middle District of Florida for possession and concealing counterfeit federal reserve notes in violation of 18 U.S.C. § 472; he was sentenced to thirteen months of confinement and two years' probation. *Id.* at 3.

Reyes asserts that on September 12, 2003, he was ordered removed to Cuba. *Id.* at 4.

Immigration and Customs Enforcement ("ICE") detained Reyes after the 2003 removal order, but ICE released Reyes in January 2004 under an order of supervision as it was unable to accomplish his removal to Cuba. *Id.* Reyes claims that he fully complied with the requirements of his release, including by reporting for check-ins with ICE. *Id.*

In September 2025, ICE directed Reyes to report for a check-in in October 2025 and to bring identification. *Id.* Reyes appeared as directed and was detained without a pre-deprivation hearing. *Id.* at 5. He has been in detention since October 2025. *Id.* Reyes claims that on December 15, 2025, ICE served him with a notice of removal to Mexico, which was not a country designated on his order of removal. *Id.* Reyes refused to agree to be removed to Mexico. *Id.*

Reyes asserts that his detention violates the Due Process Clause of the Fifth Amendment. *Id.* at 8. He seeks immediate release. *Id.* at 14.

In their response, respondents note that Reyes's order of removal became final in 2003. Doc. 8 at 2. Respondents submitted Reyes's I-213 document, which reflects Reyes's 2002 conviction for violating 18 U.S.C. § 472 but does not show any other convictions. Doc. 8-1 at 17. Respondents concede that ICE released Reyes on an order of supervision in 2004 "after [ICE] assessed that removal to Cuba was not reasonably foreseeable." Doc. 8 at 2. Respondents assert that ICE re-detained Reyes on October 25, 2025 "to execute his removal order." *Id.* Respondents assert that detention is authorized as Reyes has not shown that Mexico would refuse to accept him, or that his removal is legally barred. *Id.* at 5.[1]

## II. LEGAL STANDARD

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Further detention is authorized for aliens ordered removed who are inadmissible or who are "'removable as a result of violations of status requirements or entry conditions, violations of criminal law, or

[1] Respondents also argue that Reyes's petition is barred because he previously filed a habeas petition in the Middle District of Florida. *See Reyes v. Warden*, No. 3:26-cv-0128, at Doc. 1 (M.D. Fla. Jan. 23, 2026). But the Florida petition was "dismissed without prejudice" on Sept. 14, 2026, "so that [petitioner] can proceed with his claims in California" in the present case. *Id.* at Doc. 19.

reasons of security or foreign policy, or. . . who [have] been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001) (quoting 8 U.S.C. § 1231(a)(6)). This further detention is presumptively reasonable for aliens subject to a final order of removal for six months. *Id.* at 701. After this period, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "Courts have found that the passage of time combined with the government being no closer to repatriating a detainee than they were [when] they first took him into custody as being sufficient to meet [petitioner's] initial burden." *Zerai v. Noem*, No. 5:26-cv-00972-AYP, 2026 WL 1453931, at *5 (C.D. Cal. May 14, 2026) (internal citation omitted). "This 6-month presumption . . . does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

## III. DISCUSSION

Reyes has provided good reason to believe that removal is unlikely in the reasonably foreseeable future.[2] Reyes was ordered removed over two decades ago and he has now been re-detained for approximately a year. Respondents do not dispute that Reyes was initially released on an order of supervision because respondents could not effectuate his removal to Cuba. Doc. 1 at 4; Doc. 8 at 2. There is no indication from respondents that the government is closer to removing Reyes than they were when Reyes was initially detained. Therefore, Reyes's initial burden is satisfied.

Respondents do not satisfy their burden to show that there is a significant likelihood of removal in the reasonably foreseeable future to either Cuba or Mexico. Respondents do not provide evidence that they are likely to remove Reyes to Cuba. Removal to Mexico also does not

[2] The parties do not dispute that the burden shifting framework under *Zadvydas* applies to Reyes. Respondents note that Reyes is subject to a final order of removal. Doc. 8 at 2. And Reyes appears to acknowledge that 8 U.S.C. § 1231(a)(6) allowed for his detention for some period. *See* Doc. 1 at 8.

appear likely in the foreseeable future. Respondents argue that Reyes has not shown that Mexico would refuse to accept him. Doc 8 at 5. But this court has recognized that the government cannot detain a noncitizen because he "is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to." *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618, *2 (E.D. Cal. July 16, 2026). Plus, as a general matter, "[m]any courts have noted that third country removal is exceedingly rare." *Su v. Noem*, No. 1:26-cv-01683-KES-EPG (HC), 2026 WL 1216896, at *2 (E.D. Cal. May 4, 2026) (internal citation omitted). Based on the record, Reyes's detention has become unreasonably prolonged and the government has failed to establish a significant likelihood of his removal in the reasonably foreseeable future.

## IV. CONCLUSION

Accordingly, the petition for writ of habeas corpus is GRANTED.

Respondents are ORDERED to release petitioner Eduardo Alvarado Reyes (A-Number: 072-346-858) immediately.

Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless there are material changed circumstances, and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate all pending motions, and enter judgment for petitioner. The Clerk is directed to serve California City Immigration Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 27, 2026

UNITED STATES DISTRICT JUDGE